ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2009 APR 14 PM 4:17

CLERK B McCarthy
SO. DIST. OF GA

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| PAUL CLARKE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 309-013 |
| | ) | |
| WALT WELLS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

# ORDER

Petitioner, an inmate incarcerated at McRae Correctional Facility ("MCF") in McRae, Georgia, filed the above-captioned case pursuant to 28 U.S.C. § 2241. On February 17, 2009, the petition was screened pursuant to 28 U.S.C § 2243, which allows a court to dismiss a § 2241 petition without requiring a response from the government where "it appears from the application that the applicant or person detained is not entitled" to the relief sought. Notwithstanding Petitioner's contention that his sentence could be up to two years shorter if he were allowed to participate in a drug treatment program, the Magistrate Judge found in his Report and Recommendation that Petitioner was not entitled to a writ of habeas corpus because his claims related to the conditions and circumstances of his confinement at MCF, not the duration or execution of his sentence. (Doc. no. 3, pp. 2-3). The Magistrate Judge also noted that even if Petitioner's claim was proper in a § 2241 petition, he failed to allege that he exhausted his administrative remedies prior to filing his petition, which prohibits a

court from granting relief. (Id. at 3 (citations omitted)). Petitioner was instructed that any objections to the Report and Recommendation had to be filed no later than March 9, 2009. (Doc. no. 4). Having received no objections, the Court adopted the Report and Recommendation on March 13, 2009. (Doc. no. 5).

However, later that same day, the Clerk of Court filed Petitioner's objections. (Doc. no. 7). Petitioner's objections were dated March 2, 2009, but, for some unknown reason, were not received until March 13, 2009. As Petitioner mailed his objections before the date on which they were due, the Court deems them timely. See Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999). Accordingly, the Court's Order adopting the R&R and the corresponding judgment are **VACATED** for the limited purpose of considering Petitioner's objections herein. (Doc. nos. 5, 6).

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. After reviewing Petitioner's objections, the Court concludes that they are without merit. Petitioner's objections simply re-iterate the statements made in his petition that he is the subject of "malicious discrimination" and that the Bureau of Prison's alleged discriminatory practices require him to serve a "longer and harsher sentence[] . . . than American offenders do." (Doc. no. 7, p. 1). In fact, Petitioner's references to discrimination and discriminatory practices only serve to provide further support for the Magistrate Judge's determination that Petitioner's allegations may be more appropriate in a civil rights complaint. (See doc. no. 3, p. 3). In addition, while Petitioner couches his argument in terms of "unlawful execution"

of his sentence, he presents no allegations that would warrant consideration of his petition pursuant to § 2241. For these reasons, Petitioner's objections are **OVERRULED**.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of this Court. Therefore, the petition filed pursuant to 28 U.S.C. § 2241 is **DISMISSED**, and this civil action is **CLOSED**.

SO ORDERED this 14th day of April, 2009, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE